IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| PAMELA BOWMAN, ) | |
| ) | |
| Plaintiff, *pro se*, ) | |
| ) | Civil Action No. 8:25-cv-01131-LKG |
| v. ) | |
| ) | Dated:  November 4, 2025 |
| HEALTH FIRST, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

In this civil action, the Plaintiff, Pamela Bowman, brings claims for defamation under Maryland state law, violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, and hostile work environment and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, against the Defendant, Health First, Inc. ("Health First"), arising from her employment at Health First. *See generally* ECF No. 2. Health First has moved to dismiss these claims, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6). ECF Nos. 7 and 7-1. The motion is fully briefed. ECF Nos. 7, 7-1, 11 and 14. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** Health First's motion to dismiss (ECF No. 7) and (2) **DISMISSES** the complaint for lack of personal jurisdiction.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Factual Background

In this civil action, the Plaintiff, Pamela Bowman, brings claims for defamation, FLSA violations, Title VII hostile work environment and retaliation, against Health First, arising from her work at Health First. *See generally* ECF No. 2. Specifically, the Plaintiff asserts the following claims in the complaint: (1) defamation; (2) FLSA violations (Count II); (3) retaliation under Title VII (Count III); and (4) hostile work environment under Title VII (Count IV). *Id.* at 2-3. As relief, the Plaintiff seeks, among other things, to recover monetary damages, punitive damages, and attorneys' fees from Health First. *Id.* at Prayer for Relief.

<u>The Parties</u>

The Plaintiff is a resident of Bowie, Maryland. ECF No. 2 at 1.

Defendant Health First is a not-for-profit corporation that is incorporated, and operates exclusively in, the State of Florida. ECF No. 7 at ¶ 1.

<u>Background</u>

The Plaintiff is, or was, employed by Randstad Digital, LLC ("Randstad"), a temporary staffing agency that assigns its employees to work on a contractual basis for Randstad's clients, including Health First. ECF No. 7-1 at 1. Health First operates exclusively in the State of Florida and the company does not have any facilities in the State of Maryland, nor does it conduct any business in the State of Maryland or employ any individuals in the State of Maryland. ECF No. 7-1 at 8.

In October 2024, Randstad assigned the Plaintiff to perform services for Health First in the role of an Epic Beaker Analyst, which was a remote work position that involved assisting and providing IT-related support services in conjunction with the design, implementation, and maintenance of a new electronic medical record ("EMR") system that Health First was in the process of transitioning to in 2024-2025. *Id.* at 2. The Plaintiff performed her duties remotely, and she also travelled to Florida one week per month, to interface and work onsite with the vendor who created and supports the EMR and the project team. *Id.* at 2-3.

---

[1] The facts recited in this memorandum opinion are taken from the complaint; the Defendant's motion to dismiss; and the memorandum in support thereof. ECF Nos. 2, 7 and 7-1.

The Plaintiff's Allegations

The Plaintiff alleges in the complaint that she experienced hostile and unethical treatment from October 7, 2024, to January 3, 2025, during her work at Health First. ECF No. 2 at 5. The Plaintiff also alleges that she experienced delayed payments and improper handling of travel expenses. *Id.* at 2.

In addition, the Plaintiff alleges that she was subjected to an unmanageable workload and was ordered to produce reports at a specific time, but was not afforded the necessary time to complete those tasks. *Id.* at 5. The Plaintiff also contends that she was terminated, after she raised concerns about her workload. *Id.* at 5-6.

The Plaintiff also contends that the disparaging remarks, public humiliation, wrongful accusations and excessive workload at Health First created a hostile and unethical work environment. *Id.* at 6. And so, the Plaintiff seeks to recover, among other things, monetary damages, punitive damages and attorneys' fees from Health First. *Id.* at Prayer for Relief.

B. Relevant Procedural History

On February 13, 2025, the Plaintiff filed the complaint in the Circuit Court for Prince George's County, Maryland. ECF No. 2. On April 4, 2025, Health First removed this matter to this Court.

On April 11, 2025, Health First filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 7 and 7-1. On May 1, 2025, the Plaintiff filed a response in opposition to Health First's motion. ECF No. 11. On May 20, 2025, Health First filed a reply brief. ECF No. 14.

Health First's motion to dismiss having been fully briefed, the Court resolves the pending motion.

III. LEGAL STANDARDS

A. *Pro Se* Litigants

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL

3

6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotations and citations omitted)).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P. 12(b)(2)

A motion to dismiss for lack of personal jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(2) "raises an issue for the [C]ourt to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).  The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  To do so, a plaintiff need only make "a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson*, 816 F.3d at 268.  When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(2), the Court may "rule solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *Maryland v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 437 (D. Md. 2019) (citations omitted).  And so, the Court must consider all disputed facts and make reasonable inferences in favor of the plaintiff in determining whether the plaintiff has made the requisite showing that the Court possesses personal jurisdiction over a defendant.  *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

The Court may exercise either general jurisdiction—arising from a defendant's contacts with a forum state which are so systematic and continuous as to essentially place the defendant "at home"—or specific jurisdiction—arising from an "affiliation between the forum and the underlying controversy." *Ark. Nursing Home Acquisitions, LLC v. CFG Cmty. Bank*, 460 F. Supp. 3d 621, 639 (D. Md. 2020) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 262-63 (2017)).  With regards to general jurisdiction, a corporation's "place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

For the Court to assert specific personal jurisdiction over a non-Maryland resident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized

under the State's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Carefirst of Md., Inc.*, 334 F.3d at 396 (citation omitted). In this regard, Maryland courts "have consistently held that the [S]tate's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Id.* And so, the Court's jurisdiction over a non-Maryland resident comports with due process if the defendant has "minimum contacts" with the forum, such that exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). In this regard, Maryland's long-arm statute authorizes personal jurisdiction over a person, who directly or by an agent:

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>
> (3) Causes tortious injury in the State by an act or omission in the State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
>
> (5) Has an interest in, uses, or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann. § 6-103(b)(1)-(6).

Specific personal jurisdiction also requires consideration of: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md., Inc.*, 334 F.2d at 397 (citations omitted). And so, the United States Court of Appeals for the Fourth Circuit has recognized that one factor indicating "purposeful availment" is whether the defendant "reached into the forum state to solicit or initiate business." *Ark. Nursing Home Acquisitions, LLC*, 460 F. Supp. 3d at 639-40 (quoting *Consulting Eng'rs Corp. v. Geometric*

*Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (cleaned up)).

IV.     ANALYSIS

Health First has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), upon the following two grounds: (1) the Court lacks personal jurisdiction over Health First and (2) the Plaintiff fails to allege facts to state plausible claims for defamation, FLSA violations, a hostile work environment and retaliation in the complaint.  ECF No. 7-1 at 6-16.  And so, Health First requests that the Court dismiss the complaint.  *Id.* at 16.

The Plaintiff counters that the Court should not dismiss the complaint, because: (1) the Court may exercise personal jurisdiction over Health First and (2) she has sufficiently pled claims for defamation, violations of the FLSA and Title VII violations in the complaint.  ECF No. 11 at 1-3.  And so, the Plaintiff requests that the Court deny Health First's motion to dismiss.  *Id.* at 4.

For the reasons that follow, a careful reading of the complaint shows that the Plaintiff has not met her burden to make a *prima facie* showing that the Court possesses personal jurisdiction over Health First.  And so, the Court: (1) GRANTS Health First's motion to dismiss (ECF No. 7) and (2) DISMISSES the complaint for lack of personal jurisdiction.

**A.  The Plaintiff Has Not Established Personal Jurisdiction**

The Plaintiff has not made a *prima facie* showing that the Court has personal jurisdiction over Health First.  The Court may exercise either general jurisdiction—arising from Health First's contacts with a forum state which are so systematic and continuous as to essentially place the defendant "at home"—or specific jurisdiction—arising from an "affiliation between the forum and the underlying controversy."  *Ark. Nursing Home Acquisitions, LLC*, 460 F. Supp. 3d at 639 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262-63).  With regards to general jurisdiction, a corporation's "place of incorporation and principal place of business are 'paradig[m]. . . bases for general jurisdiction.'"  *Daimler AG*, 571 U.S. at 137 (quoting *Goodyear*, 564 U.S. at 924).

To assert specific personal jurisdiction over Health First, the Court must determine that two conditions are satisfied: (1) the exercise of jurisdiction must be authorized under the State of Maryland's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.  *Carefirst of Md., Inc.*, 334 F.3d at 396 (citation omitted).  In this regard, Maryland courts "have consistently held that the State's long-

arm statute is coextensive with the limits of personal jurisdiction set out by the Due Process Clause of the Constitution." *Id.* And so, specific jurisdiction also requires consideration of: (1) the extent to which Health First has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the Plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Carefirst of Md., Inc.*, 334 F.2d at 397 (citations omitted).

Relevant to the pending motion to dismiss, Maryland's long-arm statute authorizes the exercise of personal jurisdiction over a party, who directly or by an agent:

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>
> (3) Causes tortious injury in the State by an act or omission in the State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
>
> (5) Has an interest in, uses, or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann. § 6-103(b)(1)-(6).

In this case, a careful reading of the complaint makes clear that the Plaintiff has not established that the Court has personal jurisdiction over Health First for several reasons. First, there can be no genuine dispute that the Court may not exercise general personal jurisdiction over Health First, because it is undisputed that Health First is incorporated in Florida and that the company operates exclusively in that State. *See* ECF No. 7 at ¶ 1; ECF No. 14 at 1. And so, Health First does not have sufficient contacts in the State of Maryland for the Court to exercise general personal jurisdiction in this forum. *See Daimler AG*, 571 U.S. at 137-39.

The Plaintiff also has not established a *prima facie* showing that the Court may exercise specific personal jurisdiction over Health First in this forum under Maryland's long-arm statute.

7

Maryland's long-arm statute permits the exercise of specific personal jurisdiction when, among other things, the defendant transacts business in Maryland, contracts to supply goods, food, services, or manufactured products in Maryland, causes tortious injury in the State, or has an interest in real property in Maryland.  Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1)-(6).  The Plaintiff argues that the Court has personal jurisdiction here, because Health First directed her to work remotely in Maryland and her alleged "harm (defamation, unpaid wages, emotional distress) occurred in Maryland." ECF No. 12 at 2.  But, the Plaintiff does not allege that Health First caused any tortious injury in the State of Maryland by an act or omission in the State of Maryland or that Health First regularly does, or solicits business, engages in other persistent conduct in Maryland, or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State to satisfy the requirements of the Maryland's long-arm statute.  *See* ECF No. 2; ECF No. 14 at 4-5; *see* Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(3) and (4).

It is also undisputed that Health First does not have any facilities in Maryland, and the company does not conduct any business in Maryland or employ any individuals in Maryland. *See* ECF No. 7 at ¶ 1; ECF No. 14 at 4; *see* Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1)-(2) and (b)(4)-(6).  This Court has also held that "[m]erely permitting an employee to perform work remotely does not alone confer specific personal jurisdiction on the employer under Maryland's long arm statute." *Jones v. Westmount Asset Mgmt., Inc.*, No. 8:24-CV-02296-PX, 2024 WL 4505012, at *2 (D. Md. Oct. 16, 2024); *see also Perry v. Nat'l Ass'n of Home Builders of U.S.*, No. TDC-20-0454, 2020 WL 5759766, at *5 (D. Md. Sept. 28, 2020) ("In remote-work cases, however, a defendant's mere knowledge that an employee happens to reside in the forum state and conduct some work from home does not constitute purposeful availment.").

Given this, the Plaintiff has failed to make a *prima facie* showing that the Court has general or specific personal jurisdiction over Health First.  ECF No. 14 at 9-10.  And so, the Court must GRANT Health First's motion to dismiss this matter for lack of personal jurisdiction.[2]

---

[2] Because the Court dismisses the Plaintiff's complaint against Health First for lack of personal jurisdiction, the Court does not address the remaining issues raised in Health First's motion to dismiss.

V.  **CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** Health First's motion to dismiss (ECF No. 7); and

(2) **DISMISSES** the complaint for lack of personal jurisdiction.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge